IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kendris Richard Brown, ) | Case No.: 4:24-cv-05457-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Michael Robinson; Judge Michael ) | |
| Nettles; Prosecutor Clemons; and ) | |
| Cathy Elmore, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 27), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Kendris Richard Brown's ("Plaintiff" or "Brown") pleadings.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Brown, proceeding *pro se* and *in forma pauperis*, sued Defendants Michael Robinson ("Robinson"); Judge Michael Nettles ("Judge Nettles"); Prosecutor Clemons

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

("Clemons"); and Cathy Elmore ("Elmore"), alleging they violated his constitutional rights. Brown contends that Robinson, a Florence Police investigator, coerced a murder confession when he was 15 years old by failing to *Mirandize* him and threatening to shoot him under the table during the interview and that he was later refused an attorney after requesting one. (DE 1.) Brown also claims that Robinson illegally seized and collected fabricated evidence, which was then forwarded to Prosecutor Clemons. (DE 1-2.) Further, Brown alleges that Clemons fabricated evidence, spread false information, and failed to present the facts of the case, which led to misinformation circulating among the court, its officials, and the media. (*Id.*)

Plaintiff alleges that after his case was transferred from Family Court to General Sessions Court, Judge Nettles had an opportunity to investigate and examine his case. (*Id.* at 3.) Plaintiff claims that Judge Nettles allowed the prosecution to fabricate evidence, abuse process, and violate due process, which resulted in his conviction for a crime he did not commit. (*Id.* at 4.) Brown further alleges that Governor McMaster granted him an executive pardon at the beginning of 2024, which proves Plaintiff is innocent and was subjected to fabricated evidence and coercion. (*Id.*)

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915 and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on January 23, 2025, the

Magistrate Judge issued the Report based on an initial review of the pleadings. The Report recommends dismissing Plaintiff's complaint without issuance and service of process because Plaintiff cannot cure the deficiencies in the complaint, and an amendment would, therefore, be futile. (DE 27 at 6.) Specifically, the Report states:

- The *Stump* Court made clear that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." 435 U.S. at 362. The allegations in Plaintiff's Complaint address decisions or actions made by Judge Nettles in relation to Plaintiff's criminal case. Therefore, Judge Nettles is entitled to absolute judicial immunity.

- Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). The allegations in Plaintiff's Complaint concern Prosecutor Clemons' actions during Plaintiff's judicial proceedings. Accordingly, Plaintiff's claims are barred by prosecutorial immunity and the undersigned recommends Clemons be summarily dismissed from this case.

- Plaintiff has failed to allege any factual allegations in his Complaint to state a plausible claim against Defendant Cathy Elmore ("Elmore"). Additionally, as Plaintiff's juvenile attorney, Elmore did not act under the color of federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981).

- Plaintiff's Complaint [seeking monetary damages . . . ] is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged[.]

(DE 27.) On January 15, 2025, Plaintiff objected to the Report. (DE 32.)

## C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D. Plaintiff's Objections

Brown raises five objections, which the Court will address in turn. First, Brown objects generally to the Report based on his allegation that there is "evidence that proves that [his] pardon occurred, Mr. Brown never had the opportunity to subpoena his witnesses and evidence." (DE 32 at 1.) Further, he contends that he "should have a chance to proceed to trial and a chance to obtain an investigator and an attorney. (*Id.* at 2.) However, this argument does not address the shortcomings of his pleadings, subjecting his case to summary dismissal. Therefore, it is overruled.

Next, Brown objects to the dismissal of Elmore, stating he tried to sue her in a separate lawsuit but did not have the resources to obtain her address. (DE 32 at 2.)

4

Again, this argument does not address the merits of Elmore's dismissal in this case, and the objection is overruled. Third, Brown objects to the Report's reliance on *Heck* for the proposition that Brown must prove his conviction was reversed on direct appeal. (*Id.*) The Report properly addressed this point stating, "when Plaintiff was instructed to provide additional information about his pardon, Plaintiff indicated he contacted individuals about his pardon in October 2024, and he was told his pardon file could not be located, and that the clerk of court did not have any evidence of the government hearing." (DE 27 at 6; see also DE 21.) Therefore, the Court overrules this objection.

Fourth, Brown contends he should be given a new trial "to prove to the Court his innocence" and "to establish his defense and to seek discovery to build his case." (DE 32 at 3.) Brown provides no applicable basis or authority for the Court to order a new trial for him to build a defense; therefore, this objection is overruled. Lastly, Brown disagrees that an amendment to his complaint would be futile because he has "witnesses to call forward with assistance from an investigator and an attorney" to "prove his grounds have merits." (*Id.*) However, because Brown's Complaint fails to state a valid legal basis for the lawsuit, his objection is overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 27) and incorporates it here by reference.

5

It is, therefore, **ORDERED** that Plaintiff's complaint (DE 1) is dismissed without prejudice.

**IT IS SO ORDERED**.

                                              Joseph Dawson, III
                                              United States District Judge

Florence, South Carolina
April 7, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.